UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE BAPTISTA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:08CV1890(MRK) |
| | : |
| HARTFORD BOARD OF | : |
| EDUCATION et al., | : |
| | : |
| Defendants. | : |

**RULING AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* [doc. # 19], which asserts that Plaintiff Jose Baptista's Amended Complaint for employment discrimination should be dismissed because he has failed to state a claim upon which relief can be granted since he has not identified any federal law that he believes Defendants violated. Defendants assert that even assuming that Mr. Baptista has alleged violations of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 *et seq.*, Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.*, and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, he has failed to state a claim upon which relief can be granted since he is not a qualified individual within the meaning of those laws and has not alleged that his termination was the result of discrimination against him as a veteran. In the alternative, Defendants assert that Mr. Baptista's claims against Defendant Jill Cutler-Hodgman in her official capacity should be dismissed as duplicative of his claims against the Hartford Board of Education.

Because Mr. Baptista has proceeded *pro se* in this action, the Court issued a Notice [doc. # 21] on May 28, 2009 directing him to respond to Defendants' motion no later than June 16, 2009.

To date, Mr. Baptista has not filed a response. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss [doc. # 19].

## I.

When considering a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson*, 127 S. Ct. at 2200 (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation marks omitted)). However, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Two working principles underlie the plausibility standard. *See id.* "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, --- F.3d --- , 2009 WL 1956176, at *4 (2d Cir. Jul. 9, 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and 'determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

That said, even after *Twombly* and *Iqbal*, "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin*, 521 F.3d at 214 (quoting *Erickson*, 127 S. Ct. at 2200); *see also Harris*, 2009 WL 1956176, at *4 ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally."). This is so because "implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quotation marks omitted).

Lastly, on a motion under Rule 12(b), "[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and quotation marks omitted). A document is considered integral to the complaint "where the complaint relies heavily upon its terms and effect." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). Here, in his description of the facts and assessment of Mr. Baptista's Amended Complaint, the Court relies not only on Mr. Baptista's Amended Complaint [docs. ## 1, 12, 16],[1] but also on the Arbitration Award dated July 23, 2008. *See* Defs.' Mot. to Dismiss [doc. # 19] Ex. 1. The Court considers the Arbitration Award in its entirety because Mr.

---

[1] On December 11, 2008, Mr. Baptista timely filed his Complaint [doc. # 1] after receiving an EEOC right-to-sue letter dated November 26, 2008 that dismissed his EEOC charge. After Defendants filed an initial motion to dismiss, Mr. Baptista filed a Motion to Amend Complaint [doc. # 12], in which he requested to add claims of disability and veteran discrimination. Mr. Baptista soon thereafter filed a second Motion to Amend Complaint [doc. # 14]. In light of this Court's Orders [docs. ## 13, 15] as well as Mr. Baptista's *pro se* status, the Court construes Mr. Baptista's Complaint and his two Motions to Amend as his Amended Complaint. Defendants also have construed Mr. Baptista's filings in this manner.

Baptista has relied on its dissenting panel member's reasoning in support of his claims and has attached the dissent to his Amended Complaint.

The majority opinion of the Arbitration Award outlines the sequence of events surrounding Mr. Baptista's termination. Prior to his termination, Mr. Baptista was employed by the Hartford Board of Education at the Kennelly School as a night custodian. On November 22, 2006, another Hartford Board of Education employee reported that he suspected that Mr. Baptista was drunk at work. Mr. Baptista's supervisors arrived to Mr. Baptista's job site, observed what they considered to be his drunken behavior, and reported the evening's incident to the Defendants' Labor Relations Unit, which conducted an investigation. After holding a pre-disciplinary hearing on December 13, 2006, Defendants terminated Mr. Baptista, who then filed a grievance under his collective bargaining agreement. Mr. Baptista's union later filed a demand for arbitration with the Connecticut State Board of Mediation and Arbitration Labor Department. An arbitration hearing was held, after which the majority found that "[n]ot only was [Mr. Baptista] drinking on school property[,] he was intoxicated and unable to perform his essential tasks." Although Mr. Baptista had claimed that he was unaware of the rule in Defendants' employee handbook prohibiting the consumption of alcoholic beverages while at work, the majority further found that the "prohibition on drinking while on duty is so widespread in this country that [Mr. Baptista] must have understood that it would not be tolerated and could lead to his discharge." The majority concluded that Mr. Baptista's discharge was for just cause not only because he drank at work and was unable to perform his job on the night of November 22, 2006, but also because he made what it determined to be false statements and accusations regarding the incident at issue.

However, the labor member of the arbitration panel filed a dissent to the majority's opinion, in which he emphasized his concern that Defendants did not offer Mr. Baptista a Last Chance Agreement in lieu of termination. The labor member found this to be especially troubling because the employee handbook stated only that drinking alcohol on the job *could lead* to termination and not that it *would result* in termination. In addition, the labor member stated that "Mr. Baptista was not taken to a hospital to be tested for being drunk nor was he given a field sobriety test so as to prove conclusively that he was drinking." On the basis of these concerns as well as other evidence that he found to be inconsistent, the panel's labor member concluded that Mr. Baptista was terminated without just cause.

In his Amended Complaint, Mr. Baptista primarily relies on this panel member's dissent in support of his allegation that he was "terminated for being disabled due to alcoholism and denial a symptom of alcoholism." Mr. Baptista claims that Defendants terminated him in violation of the Rehabilitation Act, especially because his termination was based on their mere suspicion of his alcohol use as opposed to any conclusive evidence that he was drinking. Mr. Baptista further claims that he has a serious medical condition that increases his chances of alcohol abuse, and that at his pre-disciplinary hearing, Defendants only gave him the option to resign or be fired from his job despite his consistently satisfactory performance reviews. Mr. Baptista claims that Defendants' actions toward him contrast with their treatment of other employees since "[t]he last ten persons who were caught and/or accused of drinking on the job all of them were not immediately terminated, some were suspended." Finally, he claims that Defendants discriminated against him on the basis of his disability as well as his former military status.

Given Mr. Baptista's allegations, Defendants have construed his Amended Complaint to allege violations of the Rehabilitation Act, the ADA, and the USERRA. In view of the fact that Mr. Baptista proceeds *pro se*, the Court further construes Mr. Baptista's Amended Complaint to assert an equal protection violation against Defendants.

## II.

As an initial matter, the Court quickly disposes of Mr. Baptista's claim under the USERRA because Mr. Baptista fails to state a plausible claim for relief. The USERRA states as follows:

> A person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service or obligation.
>
> . . . .
>
> An employer shall be considered to have engaged in actions prohibited under subsection (a) if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. § 4311(a) & (c)(1). In his Amended Complaint, Mr. Baptista alleges that he is "a former Army soldier who was treated differently from the past ten employees who were caught and or accused of drinking on the job." However, Mr. Baptista's claim under the USERRA is no more than a conclusory allegation of veteran discrimination. *See Woodard v. New York Health & Hosps. Corp.*, 554 F. Supp. 2d 329, 348 (E.D.N.Y. 2008) (The imposition of the less stringent requirement that a plaintiff show that his military status was a motivating, and not the sole, factor in his employer's action was "intended to lessen, but not eliminate, a veteran's obligation to show that the employer's

adverse decision was related to his or her service in the armed forces." (quotation marks omitted)). In fact, Mr. Baptista's Amended Complaint does not even allege that Defendants were aware of his veteran status. As the Supreme Court made clear in *Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). As both Mr. Baptista and Defendants note, Mr. Baptista consistently received satisfactory performance reviews during his employment with Defendants despite his alleged former military service. As such, the Court finds that Mr. Baptista has not included any factual allegations to push his claim of veteran discrimination across the line from possible to plausible. *See id.* Thus, the Court grants Defendants' motion to dismiss with respect to Mr. Baptista's claim that Defendants violated the USERRA when they terminated him on December 13, 2006.

The Court also dismisses Mr. Baptista's equal protection claim, which merely states that "[i]t is against Federal Law to treat one employee different from ten other employees." As this Court has before recognized, an employee is unable to bring a class-of-one claim against a public employer under *Engquist v. Oregon Dep't of Agriculture*, 128 S. Ct. 2146 (2008). *See* Order [doc. # 38], *Vincent v. Ortiz*, No. 3:07cv1294(MRK) (D. Conn. Feb. 10, 2009); Ruling and Order [doc. # 147] at 1, *Pina v. Lantz*, No. 3:04cv1574(MRK) (D. Conn. Jul. 7, 2008). As the Supreme Court made clear in *Engquist*, "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. A challenge that one has been treated individually in this

context, instead of like everyone else, is a challenge to the underlying nature of the government action." *Engquist*, 128 S. Ct. at 2155. Importantly, the Supreme Court has never found an equal protection violation where "government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner." *Id.* This is precisely what Mr. Baptista claims to have occurred when Defendants terminated him on December 13, 2006, and thus, his equal protection claim must fail. Accordingly, the Court dismisses Mr. Baptista's equal protection claim.

The Court next turns to Mr. Baptista's allegations that Defendants terminated him on the basis of his alcoholism in violation of the Rehabilitation Act and ADA. The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a). The Rehabilitation Act provides that complaints of employment discrimination brought under 29 U.S.C. § 794 should be determined according to the same standards as those under title I of the ADA and the provisions of §§ 501 to 504, and 510, of the ADA, 42 U.S.C. §§ 12201-12204 & 12210. *See* 29 U.S.C. § 794(d); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (in case concerning title II of the ADA, stating that "unless one of the subtle distinctions [between the two acts] is pertinent to a particular case, we treat claims under the two statutes identically."); *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999) (same). To state a *prima facie* case of disability discrimination under the Rehabilitation Act, Mr. Baptista must allege that he is an individual with a disability, that he is otherwise qualified

8

to perform his job with or without reasonable accommodation, that he suffered an adverse employment action solely on the basis of his disability, and that his employer receives federal funds. *See Kinsella v. Rumsfeld*, 320 F.3d 309, 314 (2d Cir. 2003); *see also Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (stating the elements for a *prima facie* case of discrimination under title I of the ADA). Defendants concede for purposes of this motion that the Hartford Board of Education is subject to the Rehabilitation Act and that Mr. Baptista's termination was an adverse employment action. *See* Defs.' Mot. to Dismiss [doc. # 19] at 7 n.3. However, they contend that Mr. Baptista's claim fails as a matter of law because he cannot establish that he is an individual with a disability who is otherwise qualified to perform his job. The Court agrees.

Under the Rehabilitation Act, a "disability" includes (1) a physical or mental impairment that substantially limits one of more of the individual's major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. *See* 29 U.S.C. § 794(a); 42 U.S.C. § 12102 (ADA provision). Defendants do not dispute that alcoholism may qualify as a disability for purposes of the Rehabilitation Act. *See Regional Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 46 (2d Cir. 2002) ("Alcoholism, like drug addiction, is an 'impairment' under the definitions of a disability set forth in the . . . ADA, and the Rehabilitation Act."). Importantly, however, the Second Circuit has made clear that an individual's status as an alcoholic does not equate to a *per se* disability; rather, the individual "must demonstrate not only that he . . . was actually addicted to drugs or alcohol in the past, but also that this addiction substantially limits one or more of his . . . major life activities." *Regional Econ. Cmty. Program, Inc.*, 294 F.3d at 47 (quotation marks omitted); *see also Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 147 (2d Cir. 2002) (discussing the Rehabilitation Act's "major life activity" requirement).

9

Although Mr. Baptista's Amended Complaint states that he suffers from "alcoholism and denial a symptom of alcoholism," he has not alleged any facts that would show that his alcoholism limits one or more of his major life activities. *Cf. Weixel*, 298 F.3d at 147 (finding *pro se* plaintiff alleged she was disabled for purposes of the Rehabilitation Act and ADA because "numerous allegations in the amended complaint . . . demonstrated that [the plaintiff's condition] substantially limited her . . . in major life activities"). This is so even though Defendants first raised this issue in their original motion to dismiss, which the Court denied without prejudice to renewal upon Mr. Baptista's filing of his Amended Complaint. *See* Order [doc. # 15]. At the time of Defendants initial motion, the Court issued a Notice to Mr. Baptista directing him either to respond to Defendants' motion or to file a motion to amend his complaint addressing the issues raised in Defendants' motion to dismiss. *See* Notice [doc. # 8]. Mr. Baptista filed an Amended Complaint, after which Defendants renewed their motion to dismiss. However, despite this Court's second Notice to Mr. Baptista that his failure to respond to the issues Defendants raised in their motion could result in dismissal of his case, he has yet to respond to their repeated claim that he is not an individual with a disability for purposes of the Rehabilitation Act.

Mr. Baptista's failure to respond to Defendants' claims is made that much more problematic because Defendants further asserted in both their initial and renewed motions to dismiss that regardless of his failure to allege that his alcoholism substantially limits one or more of his major life activities, Mr. Baptista is not a qualified individual with a disability within the meaning of federal law because current users of alcohol are specifically exempted from federal statutory protection. The relevant statutory provision states as follows:

> For purposes of sections 793 and 794 of this title as such sections relate to employment, the term 'individual with a disability' does not include any individual who is an alcoholic whose current use of alcohol prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others.

29 U.S.C. § 705(20)(C)(v); *see also Gilmore v. Univ. of Rochester Strong Memorial Hosp. Div.*, 384 F. Supp. 2d 602, 611 (W.D.N.Y. 2005) ("[C]urrent . . . use disqualifies a person from protection under these statutes."). The exemption for current alcohol users exists because the "statute plainly is designed to protect rehabilitated or rehabilitating substance abusers from retroactive punishment by employers." *Teahan v. Metro-North R.R. Co.*, 951 F.2d 511, 518 (2d Cir. 1991).

Mr. Baptista has not addressed this alleged defect in his Amended Complaint nor has he responded to Defendants' repeated assertion that his alcohol use lacks protection under federal law. Moreover, Mr. Baptista states that he has never denied that he is an alcoholic. Instead, he primarily takes issue with the fact that Defendants did not put forth real evidence to conclusively establish his alcohol use prior to terminating him and further, that other employees received less harsh disciplinary action. Given that Mr. Baptista admitted in his Amended Complaint that he was an alcoholic in denial and the arbitration panel found that he was "unable to perform his essential tasks" at the time he was fired, the Court finds that Mr. Baptista has failed to allege that he is an individual with a disability for purposes of federal law. *See* 29 U.S.C. § 705(20)(C)(v); *Gilmore*, 384 F. Supp. 2d at 611. Thus, the Court grants Defendants' motion to dismiss Mr. Baptista's Rehabilitation Act claim. For the same reasons, the Court grants Defendants' motion to dismiss his ADA claim. *See Gilmore*, 384 F. Supp. 2d at 609-10 (noting that even absent plaintiff's failure to exhaust, dismissal

of her ADA claim would be appropriate because the same standards applied as in the plaintiff's failed Rehabilitation Act claim).

Having found that Mr. Baptista has not stated any claims upon which relief can be granted, the Court need not consider Defendants' argument that his claims against Jill Cutler-Hodgman in her official capacity are duplicative of his claims against the Hartford Board of Education.

**III.**

Defendants' Motion to Dismiss [doc. # 19] is GRANTED. If Mr. Baptista believes that the Court has not properly construed his Amended Complaint, or has information that would render his claims viable, he should file a motion to reconsider (along with a Third Amended Complaint) that addresses the defects in his Amended Complaint noted in this decision. Mr. Baptista must file any such motion to reconsider and Third Amended Complaint no later than **August 7, 2009**. **The Court will not grant Mr. Baptista any further opportunities to amend his complaint to address the failures noted in this decision. If Mr. Baptista fails to file a motion to reconsider by August 7, 2009, the Clerk should close this file.**

IT IS SO ORDERED.

/s/   Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **July 20, 2009.**